**Ricardo CRUZ, Petitioner—Appellant,**

v.

**W.J. SULLIVAN, Warden, Respondent— Appellee.**

No. 05–55510.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

judgment denying his habeas petition under 28 U.S.C. § 2254. Cruz was convicted of first-degree murder and sentenced to 28 years to life in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the denial of habeas relief, *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

■ Cruz contends that two episodes in which jurors interacted with trial witnesses require habeas relief. The first episode involved a juror asking a police gang expert who had just finished testifying whether she should be concerned about retaliation in connection with her service on Cruz's jury. The record indicates that, after an *in camera* hearing, the trial judge and the parties were satisfied that the conversation had no influence on the jury. Because the California courts' conclusion that any presumption of prejudice had been rebutted was neither contrary to nor an unreasonable application of federal law, Cruz is not entitled to habeas relief on this claim. *See* 28 U.S.C. § 2254(d)(1); *see also Mattox v. United States,* 146 U.S. 140, 150, 13 S.Ct. 50, 36 L.Ed. 917 (1892).

■ The second episode of juror interaction with trial witnesses occurred during a break in the trial. A different police witness responded to an incident of domestic violence and coincidentally encountered a different juror. This juror was neither the perpetrator nor the victim of the domestic violence. The record reflects that the trial court characterized this evidence as trivial, and the California Court of Appeal agreed. Because Cruz has not shown how this chance encounter could have influenced the verdict, the district court properly denied relief on this claim. *See* 28 U.S.C. § 2254(d)(2); *Caliendo v. War-*

Ricardo Cruz, Delano, CA, pro se.

David Delgado, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Ricardo Cruz appeals *pro se* from the district court's

*den of California Men's Colony,* 365 F.3d 691, 696 (9th Cir.2004) ("[I]f an unauthorized communication with a juror is *de minimis,* the defendant must show that the communication could have influenced the verdict before the burden of proof shifts to the prosecution.").

Cruz finally contends that certain comments by the trial judge after defense counsel had finished his closing argument require a new trial. Cruz, however, has not demonstrated that the judge's remarks "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Medina v. Hornung,* 386 F.3d 872, 878 (9th Cir.2004) ("Improper ... remarks made by the judge to the jury are subject to harmless error analysis.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.